IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 AUG 26 P 4:06

CLERK
SO. DIST. OF GA.

CARL EDWARDS, III,

   Petitioner,

v.     CIVIL ACTION NO.: CV513-053

RICK JACOBS, Warden, and
SAMUEL S. OLENS, Attorney
General,

   Respondents.

## MAGISTRATE JUDGE'S ORDER and REPORT AND RECOMMENDATION

Petitioner Carl Edwards III ("Edwards"), who is currently incarcerated at Hays State Prison in Trion, Georgia, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions obtained in Ware County Superior Court. Edwards also filed a "Motion for an Order allowing the Defendant to file a Out-of-Time Notice of Appeal". (Doc. No. 11). Respondents filed an Answer-Response and two Motions to Dismiss. Edwards filed Objections. For the reasons which follow, Edwards' Motion is **DISMISSED**, and Respondents' Motions to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Edwards was convicted, after pleading guilty, on May 12, 2008, in the Ware County Superior Court of robbery and two counts of felony murder. (Doc. No. 12-8, pp. 67-68). The final disposition, filed May 23, 2008, demonstrates that Edwards received a life sentence for each felony murder count and ten years for robbery. (Id. at p. 76).

Edwards filed a state habeas corpus petition challenging his convictions on June 14, 2011. (Doc. No. 12-1). Following an evidentiary hearing, Edwards' state habeas petition was denied. (Doc. Nos. 12-4, 12-7). Edwards' application for a certificate of probable cause to the Georgia Supreme Court was denied on January 22, 2013. (Doc. Nos. 12-5, 12-6).

Edwards executed the instant petition on April 6, 2013, and it was filed June 11, 2013. (Doc. No. 1). Respondent Jacobs asserts that Edwards' petition should be dismissed, as it was not timely filed. (Doc. No. 6). Respondent Olens contends that he should be dismissed as a party because as Attorney General he does not and will not have custody of Edwards and this case does not involve a challenge to a "future" Georgia sentence. (Doc. No. 7).

## DICUSSION AND CITATION TO AUTHORITY

### I. Motion for Out-of-time Appeal

Edwards requests that this Court allow him to file an out-of-time appeal. Presumably, Edwards wishes to file a motion for an out-of-time appeal in order to challenge the validity of his Ware County guilty plea in Superior Court. The question of whether Edwards is entitled to a criminal appeal is a matter of state- not federal-law. Georgia case law defines the parameters of an out-of-time appeal made by a criminal defendant seeking to contest a guilty plea. See Smith v. State, 266 Ga. 687 (1996). If available, Edwards should seek such relief in the Ware County Superior Court.[1] This Court is without jurisdiction to grant Edwards' motion.

---

[1] The Court makes no determination on the potential merits of such a pursuit.

## II. Motion to Dismiss Petition as Untimely

A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

The limitation period shall run from the latest of—

(A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;

(B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Edwards' conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Edwards was sentenced in the Ware County Superior Court on May 12, 2008, and the sentence order was filed May 23, 2008. Edwards did not file a direct appeal. Thus, his conviction became final on or about June 23, 2008.[2] O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or

---

[2] Edwards' conviction technically became final on June 22, 2008. However, because that day was a Sunday, Edwards' conviction became final on June 23, 2008.

3

judgment complained of[.]"). Because Edwards' conviction became final on June 23, 2008, he had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244 (d)(1).

The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance- i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219-20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

Edwards' conviction became final on June 23, 2008, and he filed his state habeas corpus petition on June 14, 2011. By that time, the statute of limitations period applicable to § 2254 petitions had expired, and there was nothing properly filed in the state courts which tolled the applicable federal statute of limitations.

Having determined that statutory tolling is not available to Edwards, the Court must now decide whether he is entitled to equitable tolling of the statute of limitations.

AO 72A
(Rev. 8/82)

A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2254 petition. Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008), *overruled on other grounds by* Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549 (June 14, 2010). "'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

Edwards has not shown that he is entitled to equitable tolling of the one-year statute of limitations period applicable to § 2254 petitions. Edwards did not file his state habeas corpus petition until nearly two years after the expiration of the federal statute of limitations period. Edwards fails to show that any circumstance – extraordinary or otherwise – prevented him from pursuing his claims earlier than he did.

### III. Motion to Dismiss Attorney General Olens as an Improper Party Respondent

"The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-5 (1973). Thus, a federal habeas petition is properly directed to the person in whose custody the petitioner is being confined. For this reason, 28 U.S.C. § 2242 mandates that a federal habeas petition "shall allege the facts concerning the applicant's commitment or detention, *the*

AO 72A
(Rev. 8/82)

*name of the person who has custody over him* and by virtue of what claim or authority, if known." (emphasis added).[3]

Edwards is incarcerated at Hays State Prison. Accordingly, Rick Jacobs, the Warden of Hays State Prison is the real party in interest and the only properly named Respondent to Edwards' § 2254 petition. Respondent Olens is the Attorney General of the State of Georgia. As such, he does not, did not, and will not have custody over Edwards.[4] Attorney General Olens is an improper Respondent and should be dismissed as a party to this petition.

## CONCLUSION

Based on the foregoing, Edwards' Motion for an Order Allowing an Out-of-time Appeal is **DISMISSED**. It is my **RECOMMENDATION** that Respondents' Motions to Dismiss be **GRANTED**. Edwards' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, should be **DISMISSED**, with prejudice, as it was not timely filed.

**SO ORDERED, REPORTED** and **RECOMMENDED**, this 26th day of August, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[3] See also Rumsfield v. Padilla, 542 U.S. 426, 435-36 (2004) ("the proper respondent to a federal habeas petition is 'the person who has custody over [the petitioner]'."); Rule 2(b), Rules Governing § 2254 Cases.

[4] The undersigned notes that in some circumstances, when the petitioner is not yet in custody, the state attorney general is the properly named respondent. Rule 2(b), Rules Governing § 2254 Cases. This portion of the Rule, however, is inapplicable to Edwards' Petition as Edwards is already in custody.