# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

CARL EDWARDS, III,                          *
                                            *
           Petitioner,                      *        CIVIL ACTION NO.: 5:13-cv-53
                                            *
     v.                                     *
                                            *
WARDEN,                                     *
                                            *
           Respondent.                      *

## ORDER

Presently before the Court is Petitioner Carl Edwards'
("Edwards") filing entitled "Motion to File Out of Time of
Appealability Etc." and docketed as a Motion to File an Out of
Time Appeal.  Dkt. No. 19.  Edwards lists the captioned case and
mentions this case was dismissed with prejudice as an untimely
28 U.S.C. § 2254 Petition, but the remainder of the Motion is
unrelated to the Petition he filed in this Court.  Instead,
Edwards generally attacks his state convictions and complains
about certain conditions of his confinement.  Id. at 1-5.  To
the extent Edwards wishes to file an out of time appeal or any
other motion to challenge his state court convictions, he should
seek relief from the courts of the State of Georgia, not this
Court.

If, however, Edwards intended to file his Motion to appeal this Court's 2013 ruling dismissing his § 2254 Petition, the Court **DENIES** his Motion.  Edwards makes this Motion more than nine years after this Court entered judgment in this case.  In addition, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued.  A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right.  The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000).  "This threshold inquiry does not

AO 72A
(Rev. 8/82)

require full consideration of the factual or legal bases adduced in support of the claims." <u>Miller-El</u>, 537 U.S. at 336.[1]  Edwards fails to meet this standard.  Thus, the Court **DENIES** Edwards' Motion.

**SO ORDERED**, this ___26___ day of ___April___, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1]     Edwards filed another § 2254 petition in this Court, which this Court also dismissed as untimely filed.  R. & R. and Order, <u>Edwards v. White</u>, 5:22-cv-25 (S.D. Ga. Oct. 18 and Nov. 14, 2022), ECF Nos. 10, 11.

AO 72A
(Rev. 8/82)